UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFF WAUGH,

        Plaintiff,

  v.

MARIN COUNTY JAIL, ROBERT
DOYLE, Marin County Sheriff,

        Defendants.

Case No.  14-0507-VC (PR)

**ORDER OF DISMISSAL WITH LEAVE
TO AMEND**

      Jeff Waugh, an inmate at the Marin County Jail proceeding pro se, filed a civil rights complaint against the Marin County Jail and Robert Doyle, Marin County Sheriff, pursuant to 42 U.S.C. § 1983.  Waugh does not indicate if he sues Sheriff Doyle in his individual or official capacity.  Waugh has filed a motion for leave to proceed in forma pauperis ("IFP") with a completed IFP application, which is granted in a separate order.  The Court now addresses the claims asserted in Waugh's complaint.

DISCUSSION

**I.      Standard of Review**

      A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to identify any cognizable claims and dismiss any that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica*

*United States District Court*
*Northern District of California*

1  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4  the alleged violation was committed by a person acting under the color of state law. *West v.*

5  *Atkins*, 487 U.S. 42, 48 (1988).

6      Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the

7  plaintiff can show that the defendant's actions both actually and proximately caused the

8  deprivation of a federally protected right. *Lemire v. California Dep't of Corrections &*

9  *Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.

10  1988). A person deprives another of a constitutional right within the meaning of Section 1983 if

11  he does an affirmative act, participates in another's affirmative act or fails to perform an act which

12  he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844

13  F.2d at 633. But there is no respondeat superior liability under Section 1983. *Lemire*, 726 F.3d at

14  1074. That is, a supervisor is not liable merely because the supervisor is responsible, in general

15  terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v.*

16  *Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may

17  be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a

18  sufficient causal connection between the supervisor's wrongful conduct and the constitutional

19  violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a

20  plaintiff to allege generally that supervisors knew about the constitutional violation or that they

21  generally created policies and procedures that led to the violation, without alleging "a specific

22  policy" or "a specific event" instigated by them that led to the constitutional violation. *Hydrick v.*

23  *Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

24  **II.      Waugh's Allegations**

25      Waugh alleges he was sentenced to serve six years in Marin County Jail, a facility that was

26  constructed to house people for short periods of time. He alleges that his incarceration involves: a

27  twenty-three hour per day lockdown schedule; a two-man windowless cell that is 5 x 10 feet;

28  meals served through a door slot in the vicinity of the toilet; a small subterranean triangular

United States District Court
Northern District of California

1   courtyard for recreation; no allowed visits from his two children; inadequate infirmary and

2   medical staff; and inadequate educational and rehabilitation programs.  Waugh alleges that in May

3   2013 the Marin County Board of Supervisors agreed with a Marin Grand Jury Investigation

4   Report concluding that the Marin County Jail was "ill-suited for long term commitments."

5          Regarding his health, Waugh alleges he has high blood pressure from heart disease and, on

6   January 6, 2014, underwent significant colon surgery.  He alleges that the surgeon prescribed pain

7   medication for him every four hours for post-surgical pain, but that jail medical staff brought his

8   medication every seven to ten hours and, as a result, he suffered excruciating pain.  Waugh alleges

9   that on June 10, 2013, he was informed he had been exposed to an inmate with active tuberculosis.

10  He alleges he tested positive for tuberculosis, was placed on heavy antibiotics for six months and,

11  as a result, suffered nausea and weight loss.  Waugh further alleges that in September 2013 he

12  contracted a staph infection from a transient inmate placed in his cell, that his leg swelled, and that

13  jail staff gave him the wrong antibiotics.

14         Waugh alleges he suffers from an anxiety disorder that is exacerbated by being locked

15  down twenty-three hours per day.  He alleges he sought mental health care from Marin County

16  Medical staff and was told that "nothing can be done unless [he] initiates a lawsuit."

17  **III. Waugh's Claims**

18         Waugh makes two basic claims in his complaint.  First, he alleges his conditions of

19  confinement (such as the alleged 23-hour-per-day lockdown and the alleged inability to see his

20  children) are unconstitutional.  Second, he alleges jail officials unconstitutionally deprived him of

21  proper medical care.  He claims this conduct by jail officials violates the Eighth Amendment.  He

22  also appears to claim this conduct violates equal protection and due process, although his factual

23  allegations appear to have no connection with equal protection or due process.

24         **A. Conditions of Confinement**

25         The Constitution does not mandate comfortable prisons, but neither does it permit

26  inhumane ones.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The treatment a prisoner receives

27  in prison and the conditions under which he is confined are subject to scrutiny under the Eighth

28  Amendment.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  The Eighth Amendment also imposes

United States District Court
Northern District of California

3

1   duties on prison officials, who must provide all prisoners with the basic necessities of life such as

2   food, clothing, shelter, sanitation, medical care and personal safety.  *Farmer*, 511 U.S. at 832;

3   *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Hoptowit v.*

4   *Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).  A prison official violates the Eighth Amendment when:

5   (1) the deprivation of the basic necessities of life is sufficiently serious from an objective

6   standpoint, *Farmer*, 511 U.S. at 834, and (2) the prison official responsible for the deprivation

7   was, at a minimum, deliberately indifferent to the prisoner's constitutional rights, *id.*

8          The complaint alleges some deprivations that appear to be objectively serious under the

9   first prong of *Farmer*.  However, it is difficult to discern whether Waugh intends to allege that

10  officials at the jail have singled him out for the imposition of adverse conditions, or that the jail

11  has a policy of treating certain inmates (including Waugh) in the manner he describes.  For

12  example, does Waugh intend to allege that jail officials are punishing him in particular by holding

13  him in lockdown for 23 hours per day and not allowing his children to visit, or does he intend to

14  allege that all inmates are subject to these practices?

15         To the extent Waugh seeks to argue that jail officials have singled him out for adverse

16  treatment, the complaint fails to state a claim, because it does not identify a jail official who

17  caused his deprivations, much less allege that any such official acted with a sufficiently culpable

18  state of mind.  For example, although the complaint names Sheriff Doyle as a defendant, it does

19  not allege that Sheriff Doyle is responsible for Waugh's deprivations, much less that the Sheriff

20  acted with deliberate indifference.

21         To the extent Waugh seeks to argue that Sheriff Doyle or some other official created a

22  policy of treating inmates in the manner Waugh alleges he is being treated, the complaint also fails

23  to state a claim.  To impose municipal liability under Section 1983 for a violation of constitutional

24  rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he]

25  was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate

26  indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind

27  the constitutional violation*." Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438

28  (9th Cir. 1997) (citations and internal quotation marks omitted).  For municipal liability, a plaintiff

United States District Court
Northern District of California

4

1    must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to

2    allow the defendant to effectively defend itself, and these facts must plausibly suggest that the

3    plaintiff is entitled to relief.  *AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012).  The

4    complaint fails to allege that Sheriff Doyle or anyone else created a policy or procedure that

5    resulted in the confinement conditions Waugh alleges he is experiencing.

6              Accordingly, Waugh's claim regarding the conditions of his confinement is dismissed,

7    with leave to amend.  Waugh's amended complaint, if any, should specify whether he alleges that

8    jail officials are singling him out for adverse treatment or whether the confinement conditions of

9    which he complains are the product of a policy for treatment of inmates at the jail.  And in either

10   case, Waugh must describe his factual allegations with sufficient specificity to put the County and

11   the Sheriff on notice about the nature of the violations and the people responsible for them.

12                                    **B. Medical Needs**

13             To establish an Eighth Amendment violation based on the failure to attend to medical

14   needs, a prisoner must allege both (1) a serious medical need and (2) deliberate indifference to that

15   need by prison officials.  *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992).  Inmates'

16   mental health needs are among the medical needs covered by the Eighth Amendment.  *Doty v.*

17   *County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); *see also Hoptowit v. Ray*, 682 F.2d 1237,

18   1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health care

19   requirements).  A prison official exhibits deliberate indifference when he knows of and disregards

20   a substantial risk of serious harm to inmate health.  *Farmer*, 511 U.S. at 837.  The prison official

21   must not only "be aware of facts from which the inference could be drawn that a substantial risk of

22   serious harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have

23   been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

24   matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

25   Instead, deliberate indifference involves a purposeful act or failure to act.  *McGuckin*, 974 F.2d at

26   1060.  Deliberate indifference may be shown when prison officials deny, delay or intentionally

27   interfere with medical treatment, or it may be shown in the way in which they provide medical

28   care.  *Id.* at 1062.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Liberally construed, Waugh's allegations about his medical treatment and conditions

2 appear sufficient to satisfy *Farmer*'s objective prong. However, Waugh fails to allege that any

3 individual denied, delayed or interfered with his medical treatment with the subjective intent that

4 constitutes deliberate indifference. In fact, Waugh does not name one person in connection with

5 this claim. Therefore, this claim must be dismissed. Waugh is granted leave to amend to remedy

6 this deficiency.

7                                           **CONCLUSION**

8    For the foregoing reasons, the Court orders as follows:

9    1. The Eighth Amendment claim regarding the conditions of Waugh's confinement is

10 dismissed with leave to amend. Waugh's Eighth Amendment claim regarding his medical

11 treatment is dismissed with leave to amend.

12    2. To the extent Waugh seeks to make these allegations separately as equal protection or

13 due process claims, those claims too are dismissed. Although Waugh shall have leave to amend

14 any equal protection or due process claims, the Court is unable to conceive how Waugh's factual

15 allegations – even if filled out with more detail – could give rise to an equal protection or due

16 process claim.

17    3. Waugh may file an amended complaint remedying the deficiencies noted above within

18 twenty-one days from the date of this Order. The amended complaint must include the caption

19 and civil case number used in this Order and the words AMENDED COMPLAINT on the first

20 page. Because an amended complaint completely replaces the original complaint, Waugh must

21 include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th

22 Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to

23 amend within the designated time will result in the dismissal of this action.

24    4. It is Waugh's responsibility to prosecute this case. Waugh must keep the Court

25 informed of any change of address by filing a separate paper with the clerk headed "Notice of

26 Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so

27 may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

28 Procedure 41(b).

1    **IT IS SO ORDERED.**

2

3    Dated: April 28, 2014

4    _____

5    VINCE CHHABRIA
     United States District Judge

6

7    P:\PRO-SE\VC\CR.14\Waugh v Marin Jail 14-507.DLA.docx

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

7