1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                        NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10   JEFF WAUGH,                              Case No.  14-0507-VC (PR)

                    Plaintiff,
11
                                             **ORDER SERVING AMENDED**
          v.
12                                           **COMPLAINT**

13   MARIN COUNTY JAIL, ROBERT
     DOYLE, Marin County Sheriff,
14                  Defendants.

15

16          Jeff Waugh, an inmate at the Marin County Jail proceeding pro se, filed a civil rights

17   complaint against the Marin County Jail and Robert Doyle, Marin County Sheriff, pursuant to 42

18   U.S.C. § 1983.  On April 30, 2014, the Court dismissed the complaint with leave to amend.  On

19   May 12, 2014, Waugh filed a First Amended Complaint ("FAC").  The Court now addresses the

20   claims asserted in Waugh's FAC.

21                                      **DISCUSSION**

22   **I.      Standard of Review**

23          A federal court must screen any case in which a prisoner seeks redress from a

24   governmental entity, or officer or employee of a governmental entity, to identify any cognizable

25   claims and dismiss any that: (1) are frivolous or malicious; (2) fail to state a claim upon which

26   relief may be granted; or (3) seek monetary relief from a defendant who is immune from such

27   relief.  28 U.S.C. § 1915A(a).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica*

28   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

*United States District Court*
*Northern District of California*

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

2    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

3    the alleged violation was committed by a person acting under the color of state law. *West v.*

4    *Atkins*, 487 U.S. 42, 48 (1988).

5    Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the

6    plaintiff can show that the defendant's actions both actually and proximately caused the

7    deprivation of a federally protected right. *Lemire v. California Dep't of Corrections &*

8    *Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.

9    1988). A person deprives another of a constitutional right within the meaning of Section 1983 if

10   he does an affirmative act, participates in another's affirmative act or fails to perform an act which

11   he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844

12   F.2d at 633. But there is no respondeat superior liability under Section 1983. *Lemire*, 726 F.3d at

13   1074. That is, a supervisor is not liable merely because the supervisor is responsible, in general

14   terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v.*

15   *Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may

16   be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a

17   sufficient causal connection between the supervisor's wrongful conduct and the constitutional

18   violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a

19   plaintiff to allege generally that supervisors knew about the constitutional violation or that they

20   generally created policies and procedures that led to the violation, without alleging "a specific

21   policy" or "a specific event" instigated by them that led to the constitutional violation. *Hydrick v.*

22   *Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

23   Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official

24   policy or custom causes a constitutional tort. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690

25   (1978). Local governing bodies therefore may be sued directly under § 1983 for monetary,

26   declaratory or injunctive relief for the violation of federal rights. *Id.* To impose municipal

27   liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the

28   plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality

United States District Court
Northern District of California

2

had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.  *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

**II.    Waugh's Allegations**

In the Order Dismissing with Leave to Amend, the Court noted that Waugh's complaint attempted to allege Eighth Amendment claims based on unconstitutional conditions of confinement in the Marin County Jail and deliberate indifference to serious medical needs.  The Court found that the allegations did not state a cognizable conditions of confinement claim because it was not possible to discern whether Waugh alleged that officials at the jail singled him out for the imposition of adverse conditions, or that the jail has a policy of treating all inmates (or a category of inmates) in the allegedly unconstitutional manner he described.  The Court found that the allegations did not state a cognizable claim for deliberate indifference to serious medical needs because Waugh failed to name any individual in connection with this claim.

Waugh's FAC clarifies that he is suing Robert Doyle, Marin County Sheriff, in his official capacity.  Waugh also adds as a defendant Larry Meredith, in his official capacity as Director of Marin County Department of Health and Human Services.  The FAC alleges the following. Doyle, as head jail administrator, is responsible for the development and implementation of jail policies relating to the housing and treatment of inmates and the development and implementation of policies relating to the delivery of health care services to inmates in collaboration with Meredith at the Marin County Department of Health and Human Services.

The FAC reiterates the factual allegations stated in the original complaint, which the Court previously found sufficient to satisfy the objective requirement of an Eighth Amendment violation.  The FAC also sufficiently alleges that Doyle and Meredith, as the heads of their respective departments, developed and implemented specific policies that caused the alleged constitutional violations.  Therefore, the Court finds that the FAC remedies the deficiencies noted in the Court's Order of Dismissal and appears to state cognizable *Monell* claims against Doyle and Meredith for developing and implementing policies and procedures that violate Waugh's Eighth Amendment rights.

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.  The FAC appears to state cognizable *Monell* claims for unconstitutional conditions of confinement and deliberate indifference to serious medical needs against Doyle and Meredith, in their official capacities.

2.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the FAC (docket no. 7) and all attachments thereto and a copy of this Order to Defendants Doyle at the Marin County Jail and Meredith at the Marin County Department of Health and Human Services. The Clerk shall also mail a courtesy copy of the amended complaint with all attachments and a copy of this Order to the Office of the Marin County Counsel and a copy of this Order to Waugh.

3.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Waugh, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer or other responsive pleading before sixty days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

4.  The following briefing schedule shall govern dispositive motions in this action:

a.  No later than thirty days from the date the answer is due, Defendants shall file a

4

United States District Court
Northern District of California

motion for summary judgment or other dispositive motion.  If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Shaheed.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Waugh with notice of what is required of him to oppose a summary judgment motion.

b.  Waugh's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Waugh is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Waugh is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's summary judgment motion.  Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration.  Waugh will not be able to avoid summary judgment simply by repeating the allegations of his amended complaint.

c.  Defendants shall file a reply brief no later than fourteen days after the date Waugh's opposition is filed.

d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

5.  Discovery may be taken in this action in accordance with the Federal Rules of Civil

Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Waugh and any other necessary witnesses confined in prison.

6.  All communications by Waugh with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or counsel.

7.  It is Waugh's responsibility to prosecute this case.  Waugh must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated:        June 16, 2014

_____
VINCE CHHABRIA
United States District Judge