RICHARD S.J. HUNG (CA SBN 197425)
RHung@mofo.com
MATTHEW A. CHIVVIS (CA SBN 251325)
MChivvis@mofo.com
BARBARA N. BARATH (CA SBN 268146)
BBarath@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
JEFF WAUGH

HASSARD BONNINGTON LLP
PHILIP S. WARD (CA SBN 51768)
psw@hassard.com
MARC N. ZIMMERMAN (CA SBN 100521)
mnz@hassard.com
JOANNA L. STOREY (CA SBN 214952)
jls@hassard.com
275 Battery Street, Suite 1600
San Francisco, CA 94111
Telephone: (415) 288-9800
Facsimile: (415) 288-9801

Attorneys for Defendants
LARRY MEREDITH and ROBERT DOYLE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF WAUGH,<br><br>                Plaintiff,<br><br>   v.<br><br>MARIN COUNTY JAIL, *el. al.*<br><br>                Defendants. | Case No. 3:14-cv-00507-VC (PR)<br><br>STIPULATED PROTECTIVE ORDER<br><br>Court: Courtroom 4, 17th Floor<br>Judge: Hon. Vince Chhabria<br>Complaint Filed: February 3, 2014<br>Trial Date: TBD |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal;

Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – NONPARTY INMATE."

2.5 Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – NONPARTY INMATE."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

Case No. 3:14-cv-00507-VC (PR)
STIPULATED PROTECTIVE ORDER

1  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

2  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

3  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

4  time limits for filing any motions or applications for extension of time pursuant to applicable law.

5  5.      DESIGNATING PROTECTED MATERIAL

6          5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or

7  Non-Party that designates information or items for protection under this Order must take care to

8  limit any such designation to specific material that qualifies under the appropriate standards. The

9  Designating Party must designate for protection only those parts of material, documents, items, or

10 oral or written communications that qualify – so that other portions of the material, documents,

11 items, or communications for which protection is not warranted are not swept unjustifiably within

12 the ambit of this Order.

13         Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

14 to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

15 encumber or retard the case development process or to impose unnecessary expenses and burdens on

16 other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's

17 attention that information or items that it designated for protection do not qualify for protection, that

18 Designating Party must promptly notify all other Parties that it is withdrawing the mistaken

19 designation.

20         5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order

21 (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

22 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

23 designated before the material is disclosed or produced.

24         Designation in conformity with this Order requires:

25     (a)  for information in documentary form (e.g., paper or electronic documents, but

26 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

27 affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – NONPARTY INMATE" to each page

28 Case No. 3:14-cv-00507-VC (PR)
   STIPULATED PROTECTIVE ORDER

that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL – NONPARTY INMATE."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL – NONPARTY INMATE" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

Case No. 3:14-cv-00507-VC (PR)
STIPULATED PROTECTIVE ORDER

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a

Case No. 3:14-cv-00507-VC (PR)
STIPULATED PROTECTIVE ORDER

motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Non-Disclosure of Protected Material Pertaining to Inmates Other than Jeff Waugh. While Plaintiff Jeff Waugh's Counsel may have access to Protected Material pertaining to inmates other than Jeff Waugh, such information and items shall NOT in any event be disclosed to Jeff Waugh.  This includes, but is not limited to, other inmates' medical records, pharmacy records,

1 medical conditions, medical treatment, any other private information afforded protection under the
2 Health Insurance Portability and Accountability Act of 1996 and any other information and items
3 within the other inmates' jail records.  In other words, Protected Material pertaining to inmates
4 other than Jeff Waugh shall not be disclosed to Jeff Waugh. Protected Material that is subject to
5 this section shall be marked "CONFIDENTIAL – NONPARTY INMATE."

6       7.3     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by
7 the court or permitted in writing by the Designating Party, a Receiving Party may disclose any
8 information or item designated "CONFIDENTIAL" or "CONFIDENTIAL – NONPARTY
9 INMATE" only to:

10       (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees
11 of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for
12 this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is
13 attached hereto as Exhibit A;

14       (b)  the officers, directors, and employees (including House Counsel) of the Receiving
15 Party to whom disclosure is reasonably necessary for this litigation and who have signed the
16 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17       (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is
18 reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement
19 to Be Bound" (Exhibit A);

20       (d)  the court and its personnel;

21       (e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and
22 Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have
23 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24       (f)  during their depositions, witnesses in the action to whom disclosure is reasonably
25 necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),
26 unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed
27 deposition testimony or exhibits to depositions that reveal Protected Material must be separately

28 Case No. 3:14-cv-00507-VC (PR)
STIPULATED PROTECTIVE ORDER

bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – NONPARTY INMATE" that Party must:

    (a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – NONPARTY INMATE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

    (a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – NONPARTY INMATE."

Case No. 3:14-cv-00507-VC (PR)
STIPULATED PROTECTIVE ORDER

1  Such information produced by Non-Parties in connection with this litigation is protected by the
2  remedies and relief provided by this Order. Nothing in these provisions should be construed as
3  prohibiting a Non-Party from seeking additional protections.
4      (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-
5  Party's confidential information in its possession, and the Party is subject to an agreement with the
6  Non-Party not to produce the Non-Party's confidential information, then the Party shall:
7        (1)  promptly notify in writing the Requesting Party and the Non-Party that some or
8  all of the information requested is subject to a confidentiality agreement with a Non-Party;
9        (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in
10 this litigation, the relevant discovery request(s), and a reasonably specific description of the
11 information requested; and
12       (3)  make the information requested available for inspection by the Non-Party.
13     (c)  If the Non-Party fails to object or seek a protective order from this court within 14
14 days of receiving the notice and accompanying information, the Receiving Party may produce the
15 Non-Party's confidential information responsive to the discovery request. If the Non-Party timely
16 seeks a protective order, the Receiving Party shall not produce any information in its possession or
17 control that is subject to the confidentiality agreement with the Non-Party before a determination by
18 the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of
19 seeking protection in this court of its Protected Material.

20 10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

21 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
22 Material to any person or in any circumstance not authorized under this Stipulated Protective Order,
23 the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized
24 disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)
25 inform the person or persons to whom unauthorized disclosures were made of all the terms of this
26 Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to
27 Be Bound" that is attached hereto as Exhibit A.

28 Case No. 3:14-cv-00507-VC (PR)
STIPULATED PROTECTIVE ORDER

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information

Case No. 3:14-cv-00507-VC (PR)
STIPULATED PROTECTIVE ORDER

11

in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Case No. 3:14-cv-00507-VC (PR)
STIPULATED PROTECTIVE ORDER

Dated: August 21, 2015						MORRISON & FOERSTER LLP

							By:	/s/ *Barbara N. Barath*
								BARBARA N. BARATH

								Attorneys for Plaintiff
								JEFF WAUGH


Dated: August 21, 2015						HASSARD BONNINGTON LLP

							By:	/s/ *Philip Ward*
								PHILIP WARD

								Attorneys for Defendants
								LARRY MEREDITH and ROBERT DOYLE


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: August 24, 2015					_____

								HON. VINCE CHHABRIA
								UNITED STATES DISTRICT JUDGE

Case No. 3:14-cv-00507-VC (PR)
STIPULATED PROTECTIVE ORDER

13

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [August ___, 2015] in the case of *Jeff Waugh v. Marin County Jail, et. al.*, Case No. 3:14-cv-00507-VC (PR) . I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Case No. 3:14-cv-00507-VC (PR)
STIPULATED PROTECTIVE ORDER

14

**ATTESTATION OF E-FILED SIGNATURE**

I, Barbara N. Barath, am the ECF User whose ID and password are being used to file this Stipulated Protective Order. In compliance with Local Rule 5-1(i)(3), I hereby attest that Philip Ward has concurred in this filing.

Dated: August 21, 2015    By:  */s/ Barbara N. Barath*
                                Barbara N. Barath

                                Attorneys for Plaintiff
                                JEFF WAUGH

Case No. 3:14-cv-00507-VC (PR)
STIPULATED PROTECTIVE ORDER